GEORGE E. WILSON, APPELLANT, VS. DEXTER HUNTER, APPELLEE.

1. After a full trial of a cause, and after verdict upon the matters embraced in the declaration and pleas, the absence of a *similiter* to a plea is not ground for reversal, the *similiter* not having been insisted upon by the opposing party or required by the court.

2. Where B. agreed to erect a house for W., and H. furnished the lumber to build the house upon W's agreement to pay him for the same when placed on the cars, and the bill therefor was presented " O. K.'d " by B. ; and H. put the lumber on the cars as per agreement, and W. paid $200 on the bill presented without being "O. K.'d" by B., but refused to pay the balance of the bill for no other reason than that it was not " O. K.'d " by B.: *Held*, that W. was liable for the balance of the bill.

3. It is not error for the court to refuse to charge upon the assumption of a fact that does not exist.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*Fletcher & Wurts* for Appellant.

*J. W.* and *R. B. Archibald* for Appellee.

MITCHELL, J.: The appellee (plaintiff below) sued the appellant for a bill of lumber. The defendant pleaded never indebted; and the cause was submitted to a jury upon the pleadings and evidence, and the jury found for the plaintiff. Defendant moved for a new trial, but the motion was overruled, and the defendant appealed, and as signed the following errors:

First. The court erred in empanelling the jury.

Second. The court erred in recording the verdict of the jury.

These two assignments we will consider together. The only issue raised by the pleadings was that raised by the plea denying the plaintiff's cause of action, and for this reason counsel for appellant insist that the court erred in trying the cause under the pleadings. The defendant raised no such objection either before or at the trial of the same, and it is too late to do so now.

In Huling vs. The Florida Savings Bank, &c., 19 Fla., 708, this court held "that a *similiter* is not a substantive pleading, but is a mere expression of the acceptance of the issue tendered in referring the cause to a jury, and that after final judgment, the *similiter* not having been insisted upon by defendant, the omission is amendable even after error brought, and cannot be well assigned for error, the cause having been fully tried upon its merits."

The third error assigned is abandoned.

Fourth assignment: It is error to consider an objection

to the admission of testimony unless the particular ground of the objection is stated.

At the trial the defendant offered to prove that his only connection with Boden was by a contract, whereby Boden undertook, for a "lump sum," to build Wilson a house and to furnish all the work and material therefor, which evidence was excluded by the court. The evidence as to the alleged sale of the lumber by plaintiff to defendant conduces to show that the defendant employed one Boden to build a house, and, as stated by the defendant, Boden was to furnish all the materials therefor, and that the defendant was to pay in "bulk." This alleged agreement, if it had any existence, was between the defendant and Boden, and the plaintiff had nothing whatever to do with it. Boden went to plaintiff's mill for lumber, but the plaintiff refused to let him have it, but sent his clerk to the defendant and asked for whom the lumber was wanted, and by whom it was to be paid for. The defendant answered and said that Boden was building a house for him, and that he (defendant) would pay for the lumber. That he would pay for the lumber as soon as it was delivered on the cars in Jacksonville, and requested the plaintiff's clerk to bring the bill, approved by Boden. The clerk also testified that he, as book-keeper for the plaintiff, charged the lumber to the defendant in consequence of the conversation he had had with him. That some time after, when part of the lumber had been delivered in South Jacksonville, he went to the defendant, and that the defendant paid him $200 on the lumber bill. That he went to the defendant several times afterwards, and after all the lumber had been delivered, and asked him to pay balance, but he always refused to pay until Boden had "O. K.'d" the bill. The plaintiff had done all that he agreed to do, on his part, and the defendant had partly complied with the agreement between the plaintiff and himself, by paying

$200 on the bill of lumber, and this payment was made without any " O. K." on the part of Boden, but after he had received the whole of the lumber he refused to pay anything further unless Boden " O. K.'d " the bill. He does not pretend to say that he did not receive the lumber; that it was not in quantity and quality as agreed to be delivered to him by the plaintiff; that it was not used in building his house; that he did not deduct the amount from Boden's bill, and in fact, he gives no reason for not paying the plaintiff's bill, other than that Boden did not "O. K." it. The defendant and other witnesses in the case were before the jury, who doubtless knew them all, and the jury found for the plaintiff, and their verdict is fully supported by the testimony.

But counsel for appellant insist that the defendant is not liable for the lumber sold by plaintiff, that if any one is liable it is Boden. What makes Boden liable to the plaintiff? What contract or agreement did Boden have with the plaintiff in regard to the lumber? None whatever. The plaintiff would not let Boden have lumber, but he let the defendant have it, and the defendant is liable to the plaintiff therefor.

The 5th, 6th, 7th, 8th, 9th and 10th errors assigned refer to the charges of the court, and the 11th is that the court erred in refusing a new trial.

The court gave the law of the case.

There was no error in refusing to give the charges requested by the defendant.

The first charge asked by defendant assumes that the lumber was bought by Boden, as agent for the defendant, but it is an assumption without any foundation in fact, for there is nothing in the evidence that tends to show that Boden was acting in the capacity of agent for the defendant, and there is nothing to show that any person acted

as agent for the defendant in his purchase of the lumber from the plaintiff, but on the contrary it is shown that he acted for himself, received the lumber himself and partly paid for it.

The second charge asked by the defendant assumes that Boden was a contractor with the defendant, and that under his contract with the defendant, Boden bought the lumber; and that Boden, and not defendant, is liable. The evidence does not sustain this position; nor does the evidence support the contention that before the jury could find for the plaintiff they must find that the defendant promised in writing to pay for the lumber.

There was no error in refusing the third charge asked by defendant.

There was no error in the court refusing to grant a new trial.

The judgment of the court below is affirmed.